UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>JOHN DOE infringer identified as using IP address 70.95.2.212,<br><br>                        Defendant. | Case No.: 20-CV-1605-BEN-WVG<br><br>**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE UNREDACTED VERSIONS OF PLAINTIFF'S COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL** |

Pending before this Court is Plaintiff's Motion for Leave to File Unredacted Versions of Plaintiff's Complaint, Proposed Summons, and Return of Service under Seal ("Motion to Seal" or "Motion"). (Doc. No. 4.) Plaintiff filed its Motion on October 8, 2020. (*Id*.) On October 22, 2020, Judge Benitez referred the Motion to this Court for adjudication. Having reviewed and considered Plaintiff's submission, the Court GRANTS Plaintiff's Motion to Seal.

**I.    BACKGROUND**

Plaintiff is the owner of certain adult films. In its Complaint, Plaintiff alleges John Doe ("Defendant") infringed on Plaintiff's copyrighted works. Specifically, Plaintiff contends Defendant impermissibly downloaded over 60 adult films Plaintiff owned and that Defendant distributed such films to third parties without Plaintiff's consent. (Doc. No.

1, 2:7-11.) Plaintiff obtained Defendant's identity after subpoenaing Defendant's Internet Service Provider ("ISP") for the IP address from which Defendant downloaded and shared Plaintiff's works. Plaintiff's subsequent investigation led it to confirm Defendant's true identity. On August 18, 2020, Plaintiff proceeded with filing the operative Complaint with redactions applied throughout in an effort to protect Defendant's true identity from public disclosure. (Doc. No. 1.) The pending Motion to Seal followed on October 8, 2020. (Doc. No. 4.) The Motion seeks leave of court to file under seal the Complaint, proposed summons[1], and return of service and represents "Plaintiff is sensitive to Defendant's privacy concerns and otherwise believes that allowing Defendant to proceed anonymously serve the parties' interests." (*Id.*, 2:8-10.)

## II.   LEGAL STANDARD

Civil Rule 2.2 of the Local Rules of the Southern District of California provides, "a document may not be filed under seal unless authorized by an order entered by the judge before whom the hearing or proceeding related to the proposed seal document will take place." Civ. L.R. 2.2. As a foundational matter, there is a strong presumption in favor of public access to court records. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). At the same time, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Although the Ninth Circuit has not yet decided whether the "compelling reasons" standard or "good cause" standard applies to a complaint's sealing, "district courts considering the issue generally conclude that the 'compelling reasons' standard applies." *Mendoza v. Electrolux Home Products, Inc.*, 2020 WL 5847220, at *2 (E.D. Cal., Oct. 1, 2020) (citing *Harrell v. Cal. Forensic Med. Grp.*, Inc., 2015 WL 1405567, *1 (E.D. Cal. Mar. 26, 2015) amongst other decisions from the Southern, Northern, and Eastern Districts of California); *Wasito v. City of San*

---

[1] The Court observes a factual discrepancy between the Proposed Complaint and the Proposed Summons. While Defendant's address as set forth in Paragraph 12 of the Proposed Complaint matches the address listed in the Proposed Summons, the Proposed Complaint and Proposed Summons bear two different names for Defendant. Plaintiff shall correct this discrepancy, consistent with this Order.

*Diego*, 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) ("The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but ... courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit"); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (applying the compelling reasons standard to motion to seal portions of amended complaint); *In re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, *3 (N.D. Cal. Apr. 23, 2008) ("[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard").

To meet the compelling reasons standard, a movant must "present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178. Generally, sufficiently compelling reasons justifying the sealing of court records arise when "court files might become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Mack v. Dearborn National Life Insurance Company*, 2014 WL 12572866, at *1 (E.D. Cal., Aug. 26, 2014) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. More is needed to establish sufficient grounds to seal a complaint; the showing must be "particularized." *Mack*, 2014 WL 12572866, at **1-2.

### III. DISCUSSION

The Court finds Plaintiff has made an adequate showing of compelling reasons to justify the sealing of the Complaint, proposed summons, and return of service. As a threshold matter, Plaintiff observes there is detailed, sensitive information about Defendant

which is entitled to protection from public view, namely Defendant's identifying information, including his full name and home address, his personal preferences in adult film content, and the frequency of his interactions with Plaintiff's copyrighted works. However, as noted above, Defendant's anticipated privacy concerns alone are not sufficient to meet the compelling reasons standard. In addition, Plaintiff cites to the Parties' shared interest in reaching resolution without the possibility of Plaintiff using as "settlement leverage the threat of publicly revealing that [Defendant] has downloaded adult content films." (Doc. No. 1, 3:7-9.) Plaintiff avers it will not engage in the unscrupulous act of driving "a so-called 'shame settlement'" and that its Motion to Seal is a gesture of its will to litigate and potentially settle this dispute in good faith. (*Id.*)

The Court finds Plaintiff's proffered interest in eliminating perceived pressure tactics from this litigation and any settlement discussions, coupled with Defendant's interest in maintaining privacy in his person and allegedly online activities involving Plaintiff's adult films, offer compelling reasons that warrant granting Plaintiff's Motion in entirety. For that reason, the Court GRANTS Plaintiff's Motion and ORDERS the sealing of the Complaint, proposed summons, and return of service. In so deciding, however, the Court emphasizes to Plaintiff that, at no time during any future settlement discussions with Defendant, may Plaintiff attempt to strong-arm Defendant into settlement by citing to its instant Motion filing as a favor to Defendant. Plaintiff's Motion to Seal should not and shall not inject any air of *quid-pro-quo* into the Parties' anticipated settlement negotiations. If, at any time following the Complaint's filing under seal, Plaintiff engages in such misconduct, the Court ORDERS Defendant to contact this Court's Chambers within two (2) days of the misconduct's occurrence to coordinate further proceedings, which may result in the entry of a sanctions order against Plaintiff.

### IV. CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion for Leave to File Unredacted Versions of Plaintiff's Complaint, Proposed Summons, and Return of Service under Seal in its entirety. Plaintiff shall file the Complaint with any attached exhibits,

proposed summons, and return of service under seal.

**IT IS SO ORDERED.**

Dated: October 27, 2020

Hon. William V. Gallo
United States Magistrate Judge